## Mac Alexander *v.* The State.

1. Theft — Ownership. — Indictment for theft of the wife's separate property from the husband's possession, constituted by his actual control, care, and management of it, might, before as well as since the revision of the Codes, allege the ownership in the husband.

2. Same — Evidence. — When property alleged to have been stolen was taken under a claim of ownership, the evidence must satisfy the jury beyond a reasonable doubt that the property did not belong to the accused, that he did not believe it to be his when he took it, and that it was fraudulently taken.

Appeal from the District Court of Bastrop. Tried below before the Hon. S. W. Moore.

The theft was committed and the indictment found before the revision of the Codes. The opinion sufficiently indicates the material facts. A term of two years in the penitentiary was the punishment assessed against the appellant.

*J. D. Sayers*, for the appellant.

*W. B. Dunham*, for the State.

Winkler, J. The indictment charges the possession and ownership of the animal alleged to have been stolen in the husband; the proofs showed that it was the separate property of the wife. The court instructed the jury to the effect that if the proof showed that the property belonged to the wife as her separate property, but that it was under the control and management of the husband, then he is the owner within the definition of theft. The charge of the court is to the effect that an indictment which alleges that the property stolen was in the husband would be supported by proof that the property belonged to the wife, but was under the control and management of the husband.

So far as theft is concerned, *possession* was constituted by the exercise of actual control, care, or management of the property. Pasc. Dig., art. 2387; Rev. Penal Code, art.

729. (In *Burt* v. *The State*, 7 Texas Ct. App. 578, by some oversight of the writer of the opinion or error in the reporter, this article and the one preceding it are cited as of the Code of Criminal Procedure instead of the Penal Code; but this does not affect the law.) This was the law both before and after the revision of the Codes. Under the proofs in this case the property alleged to have been stolen is shown to have been under the control and management of the husband, and by the Revised Code of Criminal Procedure, art. 426, it is declared that where the separate property of a married woman becomes the subject of theft, "the ownership of the property may be alleged to be in her or in her husband." We are of opinion that the law protects the property rights of a married woman, though under the control and management of the husband, as well as the possession of the husband, against theft, under the provisions of the Codes, when the proof shows ownership in the wife and possession and control by the husband. *Burk* v. *The State*, 7 Texas Ct. App. 578.

What appears to have been a principal ground of defence relied on in the court below was, that the defendant claimed to have purchased the animal from another, and testimony was offered in order to show that fact. The question was submitted to the jury for their consideration by the following instruction: "If the jury believe from the evidence that the defendant did purchase the animal in good faith, you will acquit him; but if you believe such purchase was but colorable, as a pretence to cover a fraudulent taking, then such purchase would be no defence." The jury determined this issue against the defendant, and we are unable to say from the evidence that they were not warranted in coming to the conclusion that the alleged purchase was in fact a mere pretence, to cover a fraudulent transaction.

Counsel asked, and at his request the court instructed the jury as follows: "You must give the benefit of a reasonable doubt to the defendant as to the proof of every allega-

tion contained in the indictment, and you must be convinced beyond a reasonable doubt that every allegation has been proven, before you can return a verdict of guilty." The court refused to charge that if the jury believed that the animal belonged to the wife of the alleged owner they must acquit. The proposition of law embraced in this latter charge has already been considered. If the charge on the subject of the wife's ownership was correct, as we believe to be the case, then the charge requested, being directly the contrary of the one given, could certainly not have been good law. The court having in the general charge instructed the jury as to the presumption of innocence and the reasonable doubt, we are not certain the charge as to reasonable doubt as to each material allegation in the indictment, as requested by the defendant's counsel, did not go somewhat beyond what the defendant was strictly entitled to generally; but if so, the defendant cannot be heard to complain. But the case being in some respects peculiar, we are of opinion that the charge, taken altogether, came substantially up to the rule laid down by the Supreme Court in *Johnson* v. *The State*, 41 Texas, 608, to this effect: "When property alleged to have been stolen was taken under a claim of ownership, it must appear from the evidence, in order to convict, first, that the property taken did not belong to the accused; second, that he did not believe it to be his own when he took it; and, third, that it was fraudulently taken. Each of these facts the jury must be satisfied of, beyond a reasonable doubt, and unless they are so instructed a judgment of conviction will not be permitted to stand." The jury might reasonably have concluded from the evidence before them that the defendant knew the property did not belong to him, and did not believe it to be his own, and that it was fraudulently taken, under the charge of the court, it being in proof that the brand the defendant claimed to have purchased was placed on the animal not only after that of the owner had been put

upon it, but was placed on the identical part of the animal on which the owner's brand was placed, as if intending to obliterate that of the owner, but still not done so as to entirely efface the owner's brand, but leaving portions of it distinctly visible. And that it was his intention to appropriate the animal to his own use might well have appeared to the satisfaction of the jury, from the fact in evidence that he demanded pay for it after learning the owner or possessor of the animal had missed it.

There was some proof of an effort to arbitrate the question whether the defendant should be paid for the animal or not; but we deem this a matter of no importance one way or another, the guilt or innocence of the defendant being determinable generally by the intent of the defendant at the time of the taking, and not by what occurred subsequently. Nor do we believe the testimony warranted the charge asked by the defendant, and refused by the court, to the effect that if the jury believed there was no proof going to establish the fact that the defendant did more than to brand the cow, he is not guilty as charged. The evidence shows more than simply an illegal branding.

From the evidence before us we fail to discover that the rights of the defendant were not properly guarded by the instructions given by the court to the jury, or that the jury erred, whose peculiar province it was, under the law and as charged by the court, to deal with the testimony and determine the credibility of the witnesses and the weight they should attach to the testimony. We find no material error, and the judgment is affirmed.

*Affirmed.*